

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

July 3, 1964

Honorable Jesse James
State Treasurer of Texas
Capitol Station
Austin, Texas 78711

Opinion No. C-279

Re: Whether the State Treasurer
is authorized to accept
certain unclaimed funds
under the provisions of
Article 4.08, Texas
Insurance Code.

Dear Mr. James:

In your recent letter requesting the opinion of this office
regarding the above matter, you informed us that a number of
reports filed by life insurance companies under Article 4.08
of the Texas Insurance Code, known as the Unclaimed Funds
Statute For Life Insurance Companies, have included items
designated as "stock dividends", "agents checks", "return
premiums", "ordinary advance", "premiums deposits", and
"outstanding checks".

Your first question inquires as to whether your department
is authorized to accept the items so designated under the pro-
visions of Article 4.08 of the Texas Insurance Code.

The authority of the State Treasurer to accept funds must
necessarily be predicated upon a corresponding duty to tender
under the law. This concept is expressed in Article 4374 in
the following language:

"All moneys received by the Treasurer shall be
kept in the safes and vaults of the Treasury; and
the Treasurer shall not keep or receive into the
building, safes or vaults of the Treasury any money,
or the representative of money, belonging to any
individual except in cases expressly provided for by
law;...."

Article 93 of Vernon's Penal Code further solemnizes this
directive by placing a penal sanction upon the Treasurer if
he:

". . . shall knowingly keep or receive into the building, safes or vaults of the Treasury, any money or representative thereof belonging to any individual, except in cases expressly provided for by law,...."

In consequence of the foregoing provision of our statutes we must approach your question by ascertaining if there is any express provision authorizing or requiring that the funds in question be paid to the State Treasurer.

Section 2 of Article 4.08 provides that: "This Article shall apply to unclaimed funds, as defined in Section 3 hereof,...."

Section 3 of Article 4.08 defines unclaimed funds as follows:

"The term 'unclaimed funds' as used in this Article shall mean and include all monies held and owing by any life insurance company doing business in this state which shall have remained unclaimed and unpaid for seven years or more after it is established from the records of such company that such monies became due and payable under any life or endowment insurance policy or annuity contract which has matured or terminated. A life insurance policy not matured by actual proof of the prior death of the insured shall be deemed to be matured and the proceeds thereof shall be deemed to be 'due and payable' within the meaning of this Article only if such policy is in force when the insured shall have attained the limiting age under the mortality table on which the reserve is based. Annuities and other obligations, the payment of which is conditioned upon the continued life of any person, shall not be deemed to be 'due and payable' in the absence of actual proof that such person was alive at the time or times required by the contract. Monies otherwise admittedly due and payable under any such life or endowment insurance policy or annuity contract shall be deemed to be 'held and owing' within the meaning of this Article although the policy or contract shall not have been surrendered as required." (Emphasis added.)

Since we have previously held in Attorney General's Opinion C-200 (December 20, 1963) that Section 13 of Article 4.08 exempts life insurance companies from reporting property which

would have been reportable under other escheat or unclaimed property laws after the effective date of Article 4.08, your authorization to receive the funds in question must be predicated upon the duty of the life insurance company to report and tender such funds under the provisions of Article 4.08.

Following this reasoning, and referring to the specific limitations of Section 3 of Article 4.08 quoted above, we hold that you are authorized to accept funds from life insurance companies under the provisions of Article 4.08 only if such funds became due and payable under any life or endowment insurance policy or annuity contract which has matured or terminated as provided in Section 3 of said Article 4.08.

With reference to the named items referred to in your letter, we are of the opinion that those designated as: "stock dividends", "agents checks", and "ordinary advance", as we understand the use of these terms, cannot be considered to be within the scope of Section 3 of Article 4.08. The items designated as "return permiums" and "premium deposits" would, as we understand the use of these terms, be funds due under terminated policies or contracts and would come within the scope of Section 3 of Article 4.08.

Those items simply designated as "outstanding checks" must be further clarified by additional information before it can be determined whether your office is authorized to accept them.

Since we have answered a portion of your first question in the affirmative we will pass to your second question which is as follows:

"If your reply to question number one is affirmative, please advise whether the provisions of Article 4.08 requires that all unclaimed funds held by life insurance companies for at least seven years be reported to this office."

We answer your second question by reference to our statements above and, as a corollary thereto, we hold that some but not all unclaimed funds held by life insurance companies for at least seven years are required to be reported to your office.

## SUMMARY

The State Treasurer is authorized to accept as unclaimed funds from life insurance companies only those funds required to be reported by Article 4.08 of the Texas Insurance Code; Article 4.08 of the Texas Insurance Code does not require life insurance companies to report to the State Treasurer all unclaimed funds held by such companies for at least seven years.

Very truly yours,

WAGGONER CARR
Attorney General

By W. O. Shultz
W. O. Shultz
Assistant

WOS:ml

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Ed Bolding
George Black
Jack Goodman

APPROVED FOR THE ATTORNEY GENERAL
By: Stanton Stone